Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5899 | **DATE** | 12/7/2009 |
| **CASE TITLE** | ALBERTO-CULVER USA, INC. v. THE PROCTER & GAMBLE CO. and NOXELL CORP. | | |

**DOCKET ENTRY TEXT**

Defendants' motion to dismiss the complaint or in the alternative transfer venue [19] is denied. Defendants shall answer the complaint by December 22, 2009. **ALL PREVIOUSLY SET DATES STAND.** SEE BELOW FOR DETAILS.

■ [ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Alberto-Culver USA, Inc. ("Alberto-Culver") sues The Procter & Gamble Co. ("P&G") and P&G's subsidiary Noxell Corp. ("Noxell") for breach of their contracts to sell Alberto-Culver the Noxzema brand of skin care products and temporarily continue manufacturing the products for Alberto-Culver. Alberto-Culver claims P&G manufactured defective Noxzema. Defendants move to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3) or, alternatively, to transfer the case to the United States District Court for the Southern District of New York ("Southern District of New York") pursuant to 28 U.S.C. § 1404(a).

Motions to dismiss for improper venue under Rule 12(b)(3) may rely on evidence outside the complaint. *Citadel Group Ltd. v. Wash. Reg'l Med. Ctr.*, No. 07 C 1394, 2008 WL 5423553, at *2 (N.D. Ill. Dec. 29, 2008) (Aspen, J.). Conflicts in the parties' submissions must be resolved in Alberto-Culver's favor. *Id.* Alberto-Culver bears the burden of establishing proper venue. *Id.* Defendants argue the case should be dismissed based on the forum selection clause in the parties' contracts. With respect to any proceeding relating to the contracts, the parties agree that New York law governs; agree to be subject to the jurisdiction of the Southern District of New York or any New York state court in Manhattan; and waive "any objection which it may have at any time" to venue in such court, any claim that the proceeding is brought in an inconvenient forum, and the right to object that such court does not have jurisdiction over the party. Defs. Ex. A(1) and (2): Asset Sale and Purchase Agree. § 11.11 and Transitional Supply Agree. § 17.02.

The parties dispute whether this is a mandatory or permissive forum selection clause. A mandatory venue provision states with obligatory terms that the specified venue is the exclusive forum. *Muzumdar v. Wellness*

| | Courtroom Deputy Initials: | AIR |
|---|---|---|

*Int'l Network, Ltd.*, 438 F.3d 759, 762 (7th Cir. 2006). *See, e.g., id.* at 761 (venue "shall be proper only" in federal or state courts in Dallas County, Texas); *Sompo Japan Ins., Inc. v. Alarm Detection Sys., Inc.*, No. 03 C 2322, 2003 WL 21877615, at *1 (N.D. Ill. Aug. 6, 2003) (Coar, J.) (venue "shall be proper" in Kane County, Illinois).

A permissive venue provision evidences the parties' intent that a particular forum is a *possible* venue, but not *the only* possible venue. *Saxena v. Virtualabs, Inc.*, No. 01 C 9905, 2002 WL 992636, at *2 (N.D. Ill. May 15, 2002) (Kocoras, J.). The permissive provision prevents a party from contesting the propriety of venue in the specified forum, but does not prohibit venue in another forum. *See, e.g., Allen & Co., LLC v. Sanford USD Med. Ctr.*, No. 08 C 4596, 2008 WL 5387635, at *2-3 (N.D. Ill. Dec. 18, 2008) (Gettleman, J.) (submitting to the jurisdiction of any federal or state court in Illinois and waiving "any right to assert" improper venue or inconvenient forum in such courts); *Saxena*, 2002 WL 992636, at *1-3 (consenting to personal jurisdiction in any state or federal court in Ohio and waiving "any objection" to venue there).

The forum selection clause is permissive. The parties waive any objection to venue in the specified courts in New York, but the clause contains no mandatory or obligatory language that New York is the exclusive or only venue, and does not specify that disputes *shall* be resolved by courts in New York. New York is merely a permissible venue. Defendants are not entitled to dismissal based on improper venue.

Defendants argue even if the venue provision is permissive, the case should be transferred to the Southern District of New York. A case may be transferred to another district where venue is proper for the convenience of the parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a). Defendants bear the burden of showing the Southern District of New York is more convenient. *First Nat'l Bank v. El Camino Res., Ltd.*, 447 F. Supp. 2d 902, 912 (N.D. Ill. 2006) (Guzman, J.). Considerations include plaintiffs' choice of forum, the situs of material events, the relative ease of access to sources of proof, and the convenience of the parties and witnesses. *Id.*

Alberto-Culver's decision to bring this lawsuit in its home forum of Illinois is entitled to deference. *Id.* Defendants do not establish material events occurred in New York. P&G's New York outside counsel and Alberto-Culver's New York investment banker participated in telephonic negotiation sessions. Defs. Ex. B: Adham Gasser (P&G's associate director) Aff. ¶ 4. But the contract was negotiated through telephone and e-mail originated by individuals in Alberto-Culver's Illinois headquarters and directed to individuals at P&G's Ohio headquarters. Pl. Ex. A: Gary P. Schmidt (Alberto-Culver senior vice-president and general counsel) Aff. ¶ 3. Two in-person meetings occurred – at P&G's Cincinnati headquarters and at P&G's Puerto Rico manufacturing facility. Gasser Aff. ¶ 3. The alleged defects occurred in the Puerto Rico manufacturing facility. Compl. ¶ 7. Illinois firms performed defect analysis for Alberto-Culver. Schmidt Aff. ¶ 7. Sources of proof are accessible in Illinois because purported defective Noxzema units are stored in Alberto-Culver's Illinois warehouses. *Id.* ¶ 8. The convenience of the parties and witnesses does not support transfer. None of the parties are located in New York. The parties' principal places of business are in Illinois (Alberto-Culver), Ohio (P&G), and Maryland (Noxell). Compl. ¶¶ 11-13. Defendants argue three potential third-party witnesses are in New York – its outside counsel, Alberto-Culver's investment banker, and a consumer marketing public relations firm for Noxzema. Defs. Ex. C: Lynne Miller (P&G's attorney) ¶¶ 2-4. The record demonstrates numerous witnesses regarding the contract negotiations and alleged defect analysis reside in Illinois. Schmidt Aff. ¶¶ 4-5, 7-8.

Defendants argue the interests of justice require transfer because New York law governs, and the parties' forum selection clause designates New York. The application of New York law does not mandate transfer;

federal district courts often interpret another venue's state law. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 962 (N.D. Ill. 2000) (Alesia, J.). A forum selection clause is not dispositive in resolving venue under § 1404(a). *Kafka v. Bellevue Corp.*, No. 90 C 6709, 1991 WL 49619, at *4 (N.D. Ill. Apr. 1, 1991) (Conlon, J.). Defendants fail to establish the convenience of the parties and witnesses and interests of justice warrant transfer of this case to the Southern District of New York.