IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALBERTO-CULVER USA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:09-cv-05899 |
| | ) | |
| THE PROCTER & GAMBLE COMPANY | ) | Judge Suzanne B. Conlon |
| and NOXELL CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF FILING PROOF OF SERVICE**

**PLEASE TAKE NOTICE** that we have this day filed with the District Court Northern District of Illinois via the ECF Filing System the attached Proof of Service of Subpoena served on Covington & Burling, LLP, 620 Eight Avenue, New York, NY 10018-1405.

Dated: December 21, 2009

/s/ Brian D. Sieve, P.C.
Brian D. Sieve, P.C.
Terrence J. Dee, P.C.
Kirkland & Ellis LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
brian.sieve@kirkland.com
terrence.dee@kirkland.com
*Counsel for Plaintiff*
*Alberto-Culver USA, Inc.*

# CERTIFICATE OF SERVICE

I, Brian D. Sieve, P.C., hereby certify that on this 21st day of December, 2009, a true and correct copy of the foregoing **NOTICE OF FILING PROOF OF SERVICE OF SUBPOENA SERVED ON COVINGTON & BURLING LLP**, was served on the following counsel of record via ECF and US Mail:

/s/ Brian D. Sieve, P.C.

*Counsel for Plaintiff
Alberto-Culver USA, Inc.*

Peter J. Macdonald
Janet R. Carter
Josephine Thacher Morse
**Wilmer Cutler Pickering Hale and Dorr LLP**
399 Park Avenue
New York, NY 10022
peter.macdonald@wilmerhale.com
janet.carter@wilmerhale.com
jodie.morse@whilmerhale.com


Michael Peter Conway
Colin Murphy Seals
**Grippo & Elden LLC**
111 South Wacker Drive
Chicago, IL 60606
docket@grippoelden.com

# Issued by the
# UNITED STATES DISTRICT COURT

| NORTHERN | DISTRICT OF | ILLINOIS |
|---|---|---|

| ALBERTO-CULVER USA, INC., | SUBPOENA IN A CIVIL CASE |
|---|---|
| V. | |
| THE PROCTER & GAMBLE COMPANY, et al. | Case Number:[1] 1:09-CV-05899 |

TO: Covington & Burling LLP
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1000

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE ATTACHED EX. A

| PLACE   Kirkland & Ellis LLP, 300 N. LaSalle Street, Chicago, IL 60654 | DATE AND TIME |
|---|---|
| | 1/31/2010 5:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Matthew Topic*, Attorney for Plaintiff | 12/18/2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

*Matthew Topic, Kirkland & Ellis LLP, 300 N. LaSalle, Chicago, IL 60654  312.862.2000*

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 12/18/2009 | Covington & Burling LLP |

SERVED ON (PRINT NAME)  Covington & Burling LLP
MANNER OF SERVICE  via Email per Agreement

SERVED BY (PRINT NAME)  Matthew Topic
TITLE  Attorney

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 12/21/2009
DATE

SIGNATURE OF SERVER  Matthew Topic

ADDRESS OF SERVER  300 N. LaSalle Street
Chicago, IL 60654

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALBERTO-CULVER USA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:09-cv-05899 |
| | ) |
| THE PROCTER & GAMBLE COMPANY | ) Judge Suzanne B. Conlon |
| and NOXELL CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## EXHIBIT A TO PLAINTIFF ALBERTO-CULVER USA INC.'S SUBPOENA TO COVINGTON & BURLING LLP

Pursuant to Federal Rules of Civil Procedure 45, Plaintiff Alberto-Culver USA Inc. ("Alberto-Culver") requests that third party Covington & Burling LLP ("Covington") produce the following documents to Kirkland & Ellis LLP, 300 N. LaSalle, Chicago, Illinois, 60654.

### INSTRUCTIONS

1. Each Request for Production refers to information known to, or in the custody, control, and/or possession of Covington and its attorneys and staff, as well as representatives, agents, consultants, and other third parties retained by or acting on behalf of Covington.

2. These Requests for Production shall be deemed continuing, to the full extent required or permitted under the Federal Rules of Civil Procedure, so as to require supplementary responses as soon as practical after you receive information that renders any of your answers to these Requests for Production incomplete or inaccurate.

3. With respect to any documents or information withheld on a claim of attorney-client privilege, attorney work-produce privilege, or any other applicable claim of privilege or

immunity, provide a statement setting forth the information as required under Federal Rules of Civil Procedure.

4. Without limiting the scope of this request, Alberto-Culver states by way of background to assist in Covington's response to this request that the above-captioned suit relates to the sale of the Noxzema brand from The Proctor & Gamble Company and Noxell Company (collectively "P&G") to Alberto-Culver on October 1, 2008, and that P&G has identified Peter A. Schwartz of Covington in its Federal Rule of Civil Procedure 26(a)(1) initial disclosures.

## DEFINITIONS

1. The terms "you," "your," and "Covington" shall mean the law firm of Covington & Burling LLP, its attorneys and staff, agents, consultants, representatives, and any other person(s) acting or purporting to act on Covington's behalf.

2. The term "document" has the full meaning ascribed to it in Federal Rule of Civil Procedure 34 and shall include, but is not limited to, any original, reproduction, or copy and non-identical copy (*i.e.*, copy with marginal notes, deletions, etc.) of any kind of written, printed, typed, electronically created or stored, or other graphic matter of any type, documentary material, or drafts thereof. Such "document(s)" shall include, but are not limited to, any correspondence, memoranda, interoffice or intra-office communications, notes, diaries, journals, calendars, contract documents, publications, calculations, estimates, vouchers, minutes of meetings, invoices, reports, studies, computer tapes, computer disks, computer cards, computer files, data storage devices, e-mails, photographs, negatives, slides, dictation belts, voice tapes, telegrams, notes of telephone conversations, and notes of any oral communications.

3. The term "Noxzema" shall mean the Noxzema brand of skin-care products as sold to Alberto-Culver and all individual products that make up that brand.

4. The term "Original Noxzema" shall mean Noxzema Original Deep Cleansing Cream.

5. The term "ASP Agreement" shall mean the Asset Sale and Purchase Agreement entered into between Plaintiff and Defendants on September 5, 2008.

6. The term "TS Agreement" shall mean the Transitional Supply Agreement entered into between Plaintiff and Defendants on October 1, 2008.

7. The term "Closing" shall mean the consummation of Defendants' sale of Noxzema to Alberto-Culver on October 1, 2008.

8. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request all information that otherwise might be construed to be outside of its scope.

9. The singular form of a noun or pronoun includes the plural form, and the plural form includes the singular.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All drafts of the ASP Agreement.

**REQUEST NO. 2:**

All documents discussing or referring to the negotiation of the ASP Agreement.

**REQUEST NO. 3:**

All drafts of the TS Agreement.

**REQUEST NO. 4:**

All documents discussing or referring to the negotiation of the TS Agreement.

**REQUEST NO. 5:**

All documents related to the sale of Noxzema to Alberto-Culver.

**REQUEST NO. 6:**

All documents that pertain in any way to P&G's efforts to sell the Noxzema brand.

**REQUEST NO. 7:**

All documents related to the manufacture, marketing, labeling, or sale of Noxzema products, including but not limited to any product defects and/or use of phenol.

**REQUEST NO. 8:**

All documents related to P&G's Cayey, Puerto Rico facilities.

**REQUEST NO. 9:**

All documents related to the U.S. Food and Drug Administration's Warning Letter (SJN-2009-07) issued to P&G on April 24, 2009, P&G's internal investigations in response to the FDA's letter, and P&G's response to the FDA and/or the public regarding the FDA's letter.

**REQUEST NO. 10:**

All documents related to Noxzema, including but limited to the sale of Noxzema from P&G to Alberto-Culver, within the files of Peter A. Schwartz.